HOPFMANN ET AL. *v.* CONNOLLY ET AL.

No. 84–1440.   Decided May 13, 1985

PER CURIAM.

Appeal from the United States Court of Appeals for the First Circuit is dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, the petition is granted.

Hopfmann filed this action in the Federal District Court for the District of Massachusetts challenging a provision in the Charter of the Massachusetts Democratic Party. Among the theories he advanced was a claim that the provision, as enforced by Mass. Gen. Laws Ann., ch. 53, §§ 1–121 (West 1975 and Supp. 1985), violated the First and Fourteenth Amendments of the United States Constitution. Relying on *Hicks* v. *Miranda,* 422 U. S. 332, 344 (1975), the Court of Appeals held that the claim was foreclosed by this Court's

summary disposition of two appeals from the Supreme Judicial Court of Massachusetts in *Langone* v. *Connolly,* 460 U. S. 1057 (1983). See 746 F. 2d 97, 100–101 (1984).

In *Hicks,* the Court explained the precedential effect of the dismissal "for want of [a] substantial federal question" in *Miller* v. *California,* 418 U. S. 915 (1974):

> "*[Miller]* was an appeal from a decision by a state court upholding a state statute against federal constitutional attack. A federal constitutional issue was properly presented, it was within our appellate jurisdiction under 28 U. S. C. § 1257(2), and we had no discretion to refuse adjudication of the case on its merits as would have been true had the case been brought here under our certiorari jurisdiction. We were not obligated to grant the case plenary consideration, and we did not; but we were required to deal with its merits. We did so by concluding that the appeal should be dismissed because the constitutional challenge to the California statute was not a substantial one." 422 U. S., at 343–344.

Because the Court had jurisdiction over the appeal in *Miller,* the dismissal involved a rejection of "the specific challenges presented in the statement of jurisdiction." *Mandel* v. *Bradley,* 432 U. S. 173, 176 (1977) *(per curiam).*

On the other hand, the order disposing of the appeals in *Langone* read:

> "Appeals from Sup. Jud. Ct. Mass. dismissed *for want of jurisdiction.* Treating the papers whereon the appeals were taken as petitions for writs of certiorari, certiorari denied. Reported below: 388 Mass. 185, 446 N. E. 2d 43 [1983]." 460 U. S., at 1057 (emphasis added).

Because the Court dismissed the appeals for lack of appellate jurisdiction, we had no occasion to adjudicate the merits of the constitutional questions presented in the jurisdictional

statements.   Nor did the denial of certiorari have any precedential effect.   See *Maryland* v. *Baltimore Radio Show, Inc.*, 338 U. S. 912, 919 (1950) (opinion of Frankfurter, J., respecting denial of the petition for certiorari).

The judgment of the Court of Appeals is vacated to the extent it relied on the dismissal of the appeals in *Langone*, and the cause is remanded for further proceedings.

*It is so ordered.*