Alwin E. HOPFMANN, et al.,
Plaintiffs, Appellants,

v.

Michael Joseph CONNOLLY, et al.,
Defendants, Appellees.

No. 84–1317.

United States Court of Appeals,
First Circuit.

Submitted June 18, 1985.

Decided July 31, 1985.

Rehearing and Rehearing En Banc
Denied Sept. 23, 1985.

Lawrence J. Ball, Boston, Mass., and Laurence Elgin, Washington, D.C., on brief for plaintiffs, appellants.

Francis X. Bellotti, Atty. Gen. and Alexander G. Gray, Jr., Asst. Atty. Gen., Chief, Elections Div., Boston, Mass., on brief, for defendants, appellees, Michael Joseph Connolly, Secretary of State and Francis X. Bellotti, Atty. Gen.

James Roosevelt, Jr., James H. Wexler, Keith C. Long, and Herrick & Smith, Boston, Mass., on brief, for defendants, appellees, Chester G. Atkins and The Democratic State Committee of Mass.

Before CAMPBELL, Chief Judge, COWEN,[*] Senior Circuit Judge, and BOWNES, Circuit Judge.

COWEN, Senior Circuit Judge.

In *Hopfmann v. Connolly*, —— U.S. ——, 105 S.Ct. 2106, 85 L.Ed.2d 469 (1985), the United States Supreme Court vacated in part and remanded our decision, which is reported in 746 F.2d 97 (1st Cir.1984). In that decision, we had held that the enforcement by the Commonwealth of Massachusetts of its Democratic Party's so-called "15 percent rule," which limits ballot access in the state primary to candidates who receive 15 percent or more of the vote in the party's convention, did not violate the United States Constitution. In rejecting one of appellants' contentions, that the rule violated the First and Fourteenth Amendments to the Constitution, we relied on the Supreme Court's summary dismissal of an earlier appeal from a decision of the Supreme Judicial Court of Massachusetts, *Langone v. Connolly*, 460 U.S. 1057, 103 S.Ct. 1510, 75 L.Ed.2d 938 (1983). The Supreme Court vacated our decision to the

* Of the Federal Circuit, sitting by designation.

extent that we relied on its summary dismissal in *Langone,* and held that this dismissal had no precedential effect.

Therefore, the sole question before us on remand is whether the enforcement by Massachusetts of its Democratic Party's 15 percent rule, which denied appellant Hopfmann access to the ballot in the 1982 Democratic primary for U.S. Senator, violated the First or Fourteenth Amendments. Appellants contend that the state's enforcement of this rule violates their rights to freedom of association and equal protection guaranteed by these amendments. As we understand their brief, they do not maintain as the plaintiffs in the *Langone* case apparently argued before the Massachusetts courts, that Massachusetts statutes *per se* bar the state from enforcing the 15 percent rule.[1]

Moreover, even if such a contention were before us, the Supreme Judicial Court of Massachusetts has construed the state's statutory ballot access requirements in *Langone* to encompass, rather than to exclude, the Democratic Party's 15 percent rule.

> For the purpose of evaluating the plaintiffs' claims that the 15% rule violated rights guaranteed to them by the Federal and State Constitutions, we treat the rule as though it were expressly contained in G.L. c. 53.

*Langone v. Secretary of the Commonwealth,* 388 Mass. 185, 195; 446 N.E.2d 43, 48 (1983). We are bound to follow this interpretation of state law by the state's highest court, absent extreme circumstances not present in this case. *Mullaney v. Wilbur,* 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975).

A challenge to the validity of the 15 percent rule on First and Fourteenth Amendment grounds was also exhaustively refuted by the Supreme Judicial Court of Massachusetts in *Langone,* 446 N.E.2d at

48–51. Like the district court below, we agree with the analysis of this issue by the Massachusetts court, and do not consider it necessary to repeat that court's discussion at length. Both the rationale and the result reached in *Langone* are amply supported by the decisions of the United States Supreme Court, which are cited therein. It suffices to say that the 15 percent rule's infringement of appellants' rights to associate and express political ideas, as well as their right to equal protection of the laws, is not substantial. For example, the rule does not discriminate against any class of candidates or voters, and does not disqualify any candidates from appearing on the general election ballot. *Cf. Bullock v. Carter,* 405 U.S. 134, 142–44, 92 S.Ct. 849, 855–56, 31 L.Ed.2d 92 (1972); *Jenness v. Fortson,* 403 U.S. 431, 438–42, 91 S.Ct. 1970, 1974–76, 29 L.Ed.2d 554 (1971). Moreover, the 15 percent rule promotes the legitimate and important state interest of "prevent[ing] the clogging of its election machinery, avoid[ing] voter confusion, and assur[ing] that the winner is the choice of a majority, or at least a large plurality, of those voting, * * *." *Storer v. Brown,* 415 U.S. 724, 732, 94 S.Ct. 1274, 1280, 39 L.Ed.2d 714 (1974); *Bullock v. Carter,* 405 U.S. at 145, 92 S.Ct. at 857.

Pursuant to the standards which have been utilized by the Supreme Court in ballot access cases, it becomes apparent that the 15 percent rule does not "unfairly or unnecessarily burden[ ] the availability of political opportunity." *Anderson v. Celebrezze,* 460 U.S. 780, 793, 103 S.Ct. 1564, 1572, 75 L.Ed.2d 547 (1983). Therefore, we hold that appellants' contention that the 15 percent rule violates the First and Fourteenth Amendments is without merit.

The remand does not require and we find no reason for reviewing or disturbing the remainder of our previous decision. Accordingly, the judgment of the district

---

**1.** Appellants argue here that Massachusetts has not statutorily delegated its constitutional authority to conduct Senatorial elections to any political party. This argument was apparently made only as the basis for their contention, disposed of in our earlier decision, that the 15 percent rule violates the "time, place, and manner" provisions of Article I, Section 4 of the Constitution. *See* 746 F.2d at 101–02.

court dismissing appellants' claims is again affirmed.

AFFIRMED.