Pamela A. McVEIGH,
Petitioner–Appellant,

v.

Earl SMITH, Respondent–Appellee.

No. 88–3466.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 6, 1989.

Decided April 11, 1989.

Rehearing Denied May 30, 1989.

Steven R. Keller, Ronald J. Koltak (argued), Connor & Koltak, Columbus, Ohio, for Pamela McVeigh.

James J. Fais, City Prosecutor, Maria O. Juskiw, Asst. City Atty., Thomas K. Lindsey, City Prosecutor's Office for the City of Columbus, Ronald J. O'Brien (argued), Office of the City Atty., Columbus, Ohio, for Earl Smith.

Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Pamela A. McVeigh appeals from the district court's order and final judgment dismissing her petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. The district court has entered an order certifying that probable cause exists for appeal. For the following reasons, we affirm the district court's judgment.

I.

In the early morning hours of May 24, 1986, a Columbus, Ohio police officer stopped petitioner Pamela A. McVeigh in her car and charged her with various traffic offenses including: (1) operating a motor vehicle under the influence of alcohol in violation of Columbus City Code § 2133.01(a); (2) operating a motor vehicle with a prohibited alcohol concentration in her breath in violation of Columbus City Code § 2133.01(b)(2); and (3) failure to maintain assured clear distance ahead in violation of Columbus City Code § 2133.03. The officer transported petitioner to the Franklin County Jail.

The arresting officer requested petitioner to submit to a chemical test of her blood-alcohol level at the county jail. The officer read and presented a standard form captioned "Notification of Refusal to Submit to a Chemical Test," which informed McVeigh of her legal rights regarding use of the Intoxilyzer breath-alcohol machine. According to appellee, the form reads as follows:

You are now under arrest for operating a motor vehicle while under the influence of alcohol and/or drugs of abuse and will be requested by a police officer to submit to the chemical test or tests designated by the law enforcement agency. If you refuse to submit to the chemical test or tests requested, the Registrar of Motor Vehicles, upon being so notified, in the manner required by law, shall suspend your license, or permit to drive, or any non-resident operating privilege, for a period of one year. Upon termination of this suspension you will be REQUIRED by Section 4511.191(J) of the Ohio Revised Code TO PAY A $75.00 REINSTATEMENT FEE AND PROVIDE PROOF OF INSURANCE. If you are a resident without a license or permit to operate a motor vehicle in this state, you will be denied the issuance of a license or permit to operate a motor vehicle in this state, for a period of one year after the date of this alleged violation.

You may have a physician, registered nurse, qualified technician or chemist of your choosing administer a chemical test or tests in addition to any administered at the direction of a police officer.

Petitioner agreed to submit to the test. The test results indicated that her blood-alcohol content was .237 of a gram of alcohol per 210 liters of breath. Section 2133.01(b)(2) prohibits operating a motor vehicle with a concentration of .1 of a gram or more by weight of alcohol per 210 liters of breath.

McVeigh filed a motion to suppress the test results in the Franklin County Municipal court proceeding which ensued. Petitioner testified at a suppression hearing that upon her arrival at the jail, she requested the opportunity to telephone an attorney for whom she worked as a legal secretary. She continued that her request was denied and that she was told she would probably be allowed to place a telephone call in about four hours. The arresting officer stated that although he could not recall petitioner requesting to call an attorney, she may have done so.

The trial court denied McVeigh's motion to suppress the test results, and petitioner plead no contest to the charge of operating a motor vehicle with a prohibited alcohol concentration in her breath in violation of section 2133.01(b)(2). The court fined petitioner $150.00 and sentenced her to three days of commitment in the driver's intervention program in lieu of imprisonment, one year of probation, and sixty days of driver's rights suspension.

McVeigh appealed the trial court's judgment, and her sentence was stayed pending the disposition of her appeal. The Tenth District Court of Appeals affirmed the trial court's judgment. Petitioner appealed the court of appeal's judgment, and once again her sentence was stayed. The Supreme Court of Ohio *sua sponte* dismissed the appeal to that court for failure to present a substantial constitutional question.

On September 1, 1987, McVeigh filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254.

On April 20, 1988, the district court filed an opinion and order dismissing McVeigh's habeas corpus petition. Final judgment accordingly was entered the next day.

This timely appeal followed. We are asked to decide whether the district court erred in denying McVeigh's habeas corpus petition.

## II.

### A.

28 U.S.C. § 2241(c)(3) authorizes granting the writ of habeas corpus to a prisoner in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a) provides as follows: "The Supreme Court, a Justice thereof, a circuit judge, or a district court

shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

In *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973), the Supreme Court stated that "[i]t is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." The term "custody," however, is not limited solely to physical confinement. For example, individuals on parole, probation, or bail may be in custody for purposes of sections 2241 and 2254. *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (parole); *Hensley v. Municipal Court,* 411 U.S. 345, 349, 93 S.Ct. 1571, 1573, 36 L.Ed.2d 294 (1973) (bail); *United States v. Hopkins,* 517 F.2d 420, 423–24 (3d Cir.1975) (probation). *See Sevier v. Turner,* 742 F.2d 262, 269 (6th Cir. 1984) (dicta). *But see Westberry v. Keith,* 434 F.2d 623, 624–25 (5th Cir.1970) (per curiam) (individual fined and subjected to driver's license revocation not in custody).

Courts determine whether a habeas corpus petitioner is in custody for purposes of sections 2241 and 2254 at the time that the application is filed. *Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968); *Sevier,* 742 F.2d at 268. Although the petitioner's release from custody subsequent to the filing of the application may render his case moot, such a release does not impact the threshold question of custody. *Id.* at 268–69. Note, however, that this court has declined to exercise jurisdiction over claims in which the petitioner challenges a sentence which he has already fully served and in which he was not in state custody, even when the suit was first initiated in the district court. *Ward v. Knoblock,* 738 F.2d 134, 138 (6th Cir.1984), *cert. denied,* 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 974 (1985). *See also Yoder v. Celebrezze,* 856 F.2d 197 (6th Cir.

1988) (because probationary period ended prior to filing of habeas corpus petition, there was no jurisdiction; permanent revocation of teaching certificate was collateral consequence (relevant to question of mootness only), not indicator of custody), *petition for cert. filed,* 57 U.S.L.W. 3362 (U.S. Nov. 7, 1988) (No. 88–761).

In the instant case, petitioner has satisfied the custody requirement of sections 2241(c)(3) and 2254(a). Petitioner filed the instant petition on September 1, 1987. At that time, her one-year probation period had commenced but was stayed, and petitioner was granted a recognizance bond. These circumstances support a holding that petitioner has met the custody requirement. *See Hensley,* 411 U.S. at 348–49, 93 S.Ct. at 1573–74.

### B.

In *Schmerber v. California,* 384 U.S. 757, 765–66, 86 S.Ct. 1826, 1832–33, 16 L.Ed.2d 908 (1966), the Supreme Court upheld a state-compelled blood test against, *inter alia,* a challenge that the coerced blood test violated the right to counsel. In that case, the petitioner was advised by his counsel that he should not submit to the test. With respect to his sixth amendment argument, the Court reasoned:

> Since petitioner was not entitled to assert the privilege [to refuse to take the test], he has no greater right because counsel erroneously advised him that he could assert it.... No issue of counsel's ability to assist petitioner in respect of any rights he did possess is presented. The limited claim thus made must be rejected.

*Id.* at 766, 86 S.Ct. at 1833.

The instant case is distinguishable from *Schmerber* since in the instant case petitioner *did* have the right to refuse to submit to the breath test. The instant case, however, is analogous to *Nyflot v. Minnesota Commissioner of Public Safety,* 474 U.S. 1027, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985) (mem.), in this respect.

In *Nyflot,* the Supreme Court dismissed for want of a substantial federal question an appeal claiming that appellant had a

sixth amendment right to counsel with respect to the decision whether to consent to a blood-alcohol test. "[D]ismissals for want of a substantial federal question without doubt reject the specific challenges presented in the statement of jurisdiction." *Mandel v. Bradley,* 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977) (per curiam). *See also Hopfmann v. Connolly,* 471 U.S. 459, 460, 105 S.Ct. 2106, 2107, 85 L.Ed.2d 469 (1985) (per curiam) (dicta). These decisions constitute adjudications on the merits, *Hicks v. Miranda,* 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975), to the extent indicated in *Mandel.*

Petitioner's argument that the sixth amendment right to counsel attaches prior to taking an alcohol breath test was rejected by the Supreme Court on appeal in *Nyflot. See Nyflot,* 474 U.S. at 1029, 106 S.Ct. at 587. *Nyflot,* therefore controls our holding that petitioner was not denied her sixth amendment right to counsel in the instant case.

■ The Supreme Court has held that the fifth amendment right to counsel protects an individual's privilege against making incriminating statements against himself. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, the Supreme Court has expressly held that a blood sample taken for alcohol testing was not within the fifth amendment privilege since "testimonial capacities were in no way implicated." *Schmerber,* 384 U.S. at 765, 86 S.Ct. at 1833. More importantly for our purposes, the Supreme Court has also held that "a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda....* Respondent's choice of refusal thus enjoys no prophylactic *Miranda* protection outside the basic Fifth Amendment protection." *South Dakota v. Neville,* 459 U.S. 553, 564 n. 15, 103 S.Ct. 916, 923 n. 15, 74 L.Ed.2d 748 (1983). The Court reasoned as follows:

> We recognize, of course, that the choice to submit or refuse to take a blood-alcohol test will not be an easy or pleasant one for a suspect to make. But the criminal process often requires suspects

and defendants to make difficult choices. We hold, therefore, that a refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination.

*Id.* at 564, 103 S.Ct. at 922–23 (citation and footnote omitted).

Petitioner does not argue that the fifth amendment privilege against self-incrimination is the basis for her alleged right to counsel. The Supreme Court clearly rejected that position in *Neville.*

■ Petitioner argues instead that the fifth and fourteenth amendments' right to due process encompasses a right to counsel prior to submission to a breath test. We reject this argument.

In *Langelier v. Coleman,* 861 F.2d 1508 (11th Cir.1988), the Eleventh Circuit recently held that a motorist suspected of drunk driving has no due process, first amendment, or privacy right to counsel before deciding whether to submit to a blood-alcohol test. With respect to due process, the court concluded, "[W]e cannot say with any conviction that the continuing existence of liberty and justice depends upon the creation of a due process right to counsel prior to undergoing a chemical blood test. Langelier's interpretation of the due process clause lacks merit."

We agree with the Eleventh Circuit's reasoning in that case.

For the foregoing reasons, the district court's judgment is AFFIRMED.