996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Dee WATT, Defendant-Appellant.
 Nos. 92-1934, 92-1935.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1993.
 
 Before MARTIN, NORRIS and COFFIN, Circuit Judges.*
 PER CURIAM.
 
 
 1
 Defendant, Ronald Dee Watt, appeals various aspects of the trial leading to his conviction and sentence for bank robbery and escape from federal custody. We affirm.
 
 I.
 
 2
 On October 21, 1991, a robbery occurred at the Mutual Savings Bank in Battle Creek, Michigan. The robber wore a rubber mask that depicted an old man, and the money he took included "bait money" bills, the serial numbers of which had been recorded. He was dressed in a gray hooded sweatshirt, baseball cap, leather jacket, blue jeans, and tennis shoes. During the robbery, a bank manager observed a silver Buick Regal with its motor running parked outside the bank. The robber fled in a silver car.
 
 
 3
 Earlier that morning, a police officer noticed what appeared to be an old man, who was wearing a baseball cap and gray hooded sweatshirt, sleeping in a silver Buick Regal. On closer inspection, the officer noticed that the individual was actually a young man wearing a mask. The license plate on the car was bent upward, but the officer managed to observe and record the license number before the individual noticed the officer and drove away.
 
 
 4
 The police officer discovered that the vehicle was registered to Kimberly Stafford and defendant Ronald Watt of 138 Surby, Battle Creek, Michigan. He proceeded to that address and observed what appeared to be the same vehicle with the bent license plate. Other individuals later reported that they had seen a silver Buick Regal with an individual in it who matched the "old man" description, in a parking space at the Mutual Savings Bank about two and a half hours before the robbery.
 
 
 5
 A search of the vehicle yielded a pair of blue jeans and a license plate with a crease in it. Fingerprints lifted from the license plate were identified as defendant's.
 
 
 6
 The following day, defendant was apprehended, and seven $20 bills bearing serial numbers matching the bait money from the Mutual Savings Bank were among the $4,793 found in his coat pocket. Police obtained a search warrant for 138 Surby, where they found a baseball cap, a leather jacket, and a gray hooded sweatshirt.
 
 
 7
 A federal grand jury returned an indictment charging defendant with three counts of bank robbery in violation of 18 U.S.C. § 2113.
 
 
 8
 Defendant notified the government that he intended to present an alibi defense and disclosed the names of three alibi witnesses. Late on the day before trial, defense counsel informed the government of his intention to call two additional alibi witnesses. However, the district court rebuffed counsel's attempt to call these additional witnesses.
 
 
 9
 Prior to trial, defendant asked the district court to prevent the government from introducing evidence, for purposes of impeachment, of his prior convictions for bank robbery and armed robbery. He argued that if he knew the jury would be advised that he had committed crimes similar to the one for which he was being tried, it would have a "chilling effect" on his desire to testify in his own defense. The court denied the request. Defendant did take the stand and the court admitted the prior convictions.
 
 
 10
 Defendant was convicted by a jury on all counts. While in the custody of the United States Marshal at the Kent County Jail, he escaped. He was later rearrested in Portland, Maine, and returned to Michigan, where he entered a plea of guilty to a charge of escape.
 
 
 11
 At his sentencing hearing, defendant objected to the use of two of his prior convictions in computing his sentence under the Sentencing Guidelines.
 
 II.
 A. Search of Defendant's Vehicle
 
 12
 Defendant first contends that the search and seizure of his vehicle violated the Fourth Amendment. However, at no time before or during his trial did he move to suppress or otherwise object to the admission of the items seized in the search. Accordingly, he waived this objection and appellate review is precluded. Fed.R.Crim.P. 12(b)(3), 12(f); United States v. Oldfield, 859 F.2d 392, 396 (6th Cir.1988).
 
 
 13
 B. Probable Cause to Search Defendant's Residence
 
 
 14
 Defendant did seek to suppress items found in the search of his residence. However, the district court denied the request and the items were admitted over defendant's objections. On appeal, defendant asserts that the police did not present enough evidence of illegal activity to support the magistrate's conclusion that there was probable cause to issue a search warrant.
 
 
 15
 The appropriate standard for review of magistrates' probable cause determinations remains "not altogether clear." United States v. Sims, 975 F.2d 1225, 1238 (6th Cir.1992) (comparing United States v. Davidson, 936 F.2d 856, 859 (6th Cir.1991) (deferential standard) with United States v. Williams, 949 F.2d 220, 221-22 & n. 1 (6th Cir.1991) (applying de novo standard after Supreme Court remanded and "hinted" that de novo is the appropriate standard)), cert. denied, 113 S.Ct. 1315 (1993). However, it is unnecessary for us to resolve that question here, since even under a de novo standard, it is clear that the magistrate was correct in finding probable cause. Sims, 975 F.2d at 1238.
 
 
 16
 As this court noted in Sims, "[p]robable cause is a flexible standard, to be determined on the facts of each case. It is to be determined from the perspective of a reasonable law enforcement officer, and all that is required is 'a practical, nontechnical probability that incriminating evidence is involved.' " Id. at 1238 (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)). In this case, the affidavit presented the magistrate with specific details of the crime and the personal observations of citizens who reported incidents at or near the scene of the robbery. The affidavit also noted that the owner of the home matched the description of the robbery suspect in height and build, that the car at the robbery scene matched the car registered to defendant's address, and that the car was observed at that address on the day of the robbery. Because the police presented substantial facts to support a probability that incriminating evidence was present, probable cause existed. Therefore, the warrant was valid, and the decision to admit the evidence was proper.
 
 
 17
 C. Admission of Prior Convictions Under Fed.R.Evid. 609(a)(1)
 
 
 18
 Defendant asserts that, in view of the similarity between the offenses at issue here and his prior convictions introduced by the government to attack his credibility, the unfair prejudice far outweighed any probative value those prior convictions might have had for purposes of impeachment.
 
 
 19
 A trial court's decision to admit evidence of a prior conviction for impeachment purposes under Fed.R.Evid. 609(a)(1) is reviewed for abuse of discretion. United States v. Morrow, 977 F.2d 222, 228 (6th Cir.1992). That rule allows admission of certain prior convictions for the purpose of attacking the credibility of a testifying defendant so long as the court determines that the probative value of the evidence outweighs its prejudicial effect.
 
 
 20
 Similarity of prior convictions to the charged offense does not automatically render the prior convictions more prejudicial than probative. See United States v. Moore, 917 F.2d 215, 234-35 (6th Cir.1990), cert. denied, 111 S.Ct. 1590 (1991). Our review of the record leads us to conclude that the district court properly considered the likelihood of unfair prejudice.
 
 
 21
 Defendant's argument that the district court erred by failing to give a limiting instruction immediately after introduction of the prior convictions is meritless, since he did not request an immediate instruction, and the instruction given to the jury prior to its deliberations was adequate.
 
 D. Exclusion of Alibi Witnesses
 
 22
 Defendant next asserts that the district court abused its discretion by prohibiting the two alibi witnesses from testifying due to defendant's failure to comply with the notification requirements of Fed.R.Crim.P. 12.1.[1]
 
 
 23
 Under Rule 12.1(d), the court may exclude witnesses as a sanction for violation of the notice provisions of the rule, and a district court's decision to exclude witnesses is reviewed for abuse of discretion. United States v. Wood, 780 F.2d 555, 560-61 (6th Cir.), cert. denied, 475 U.S. 1111 (1986). Among the factors that guide a district court's exercise of discretion are: (1) the prejudice that resulted to the government from the failure to disclose, (2) the reasons for nondisclosure, (3) the extent that harm from nondisclosure is mitigated by subsequent events, and (4) the weight of evidence supporting the defendant's guilt. Id.
 
 
 24
 The district court correctly considered these factors and determined that, since it was too late for the government to respond, investigate, and prepare for the new witnesses, prejudice would result to the government's case if the witnesses were permitted to testify.
 
 
 25
 Defendant failed to explain his tardiness in notifying the government of the additional alibi witnesses. Moreover, exclusion of the two witnesses did not prevent him from presenting an alibi defense through the testimony of three other witnesses and his own testimony. In fact, the excluded testimony did not purport to present an alibi for the time frame when the offense was committed, but instead addressed a period two hours earlier. Accordingly, the district court did not abuse its discretion when it excluded the last-minute alibi witnesses.
 
 E. Ineffective Assistance of Counsel
 
 26
 Defendant asserts that he received ineffective assistance of counsel at trial. Although this claim was not presented below in a Fed.R.Crim.P. 33 motion for new trial, or under 28 U.S.C. § 2255, defendant contends that it may be reviewed by this court because the record adequately demonstrates counsel's shortcomings. See United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). Defendant points to the failure of his counsel to make a motion to suppress the evidence seized from his car or to comply with the notice requirement of Rule 12.1.
 
 
 27
 This court has held that "[a]s a general rule, defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." Id. In this case, we cannot know why defense counsel proceeded as he did, since these matters remain undeveloped in the record. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992); Wunder, 919 F.2d at 37. Consequently, we decline to entertain the ineffective assistance claim for the first time in this appeal.
 
 
 28
 F. Use of Prior Convictions Under Federal Sentencing Guidelines
 
 
 29
 The district court allowed two prior state court convictions to be used to determine sentencing enhancement and career offender status under the guidelines. Defendant filed an objection to the presentence report and moved to strike the use of the prior convictions, which he claimed were constitutionally infirm because he was not properly advised of all his rights when he pleaded guilty to those charges.
 
 
 30
 The government contends that under U.S.S.G. § 4A1.2, the district court need not entertain defendant's contention that prior convictions were unconstitutional unless defendant shows that such a ruling was previously made, citing United States v. French, 974 F.2d 687, 701 (6th Cir.1992), cert. denied, 113 S.Ct. 1012 (1993). We note that the rationale of French, and the issue of whether a defendant can collaterally attack the validity of previous convictions for the first time at federal sentencing, are currently being reviewed by this court en banc. See United States v. McGlocklin, 962 F.2d 551, 551-52 (6th Cir.), rehearing en banc granted, 1992 U.S.App. LEXIS 16686 (6th Cir.1992).
 
 
 31
 Regardless of the eventual outcome in McGlocklin, however, we believe that the circumstances of this case warranted the district court's inclusion of the previous convictions. As the district court noted at the sentencing hearing, defendant was then still on parole for those offenses, and the remedy of habeas corpus remained available to him to challenge those convictions. Jones v. Cunningham, 371 U.S. 236, 243 (1963) (parole satisfies the "in custody" requirement of 28 U.S.C. § 2254); McVeigh v. Smith, 872 F.2d 725, 727 (6th Cir.1989). Thus, defendant could still attack the actual validity of his prior convictions through the superior vehicle of a habeas petition. If successful in having the convictions set aside, he will then be in the position to seek modification of his sentence in this case.
 
 
 32
 G. Escape from Custody of the Attorney General
 
 
 33
 Defendant's assertion that he was not in the custody of the United States Marshal at the time of his escape is frivolous. The district court made clear findings on this issue, and he advances no argument why these findings are in any way erroneous.
 
 
 34
 For these reasons, the judgments of conviction and sentence are affirmed.
 
 
 
 *
 The Honorable Frank M. Coffin, Senior Judge, United States Court of Appeals for the First Circuit, sitting by designation
 
 
 [1]
 Rule 12.1 states in pertinent part:
 (a) Notice by Defendant.... the defendant shall serve within ten days, or at such different time as the court may direct, upon the attorney for the government a written notice of the defendant's intention to offer a defense of alibi. Such notice by the defendant shall state ... the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.
 ....
 (d) Failure to Comply. Upon the failure ... to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness....
 (e) Exceptions. For good cause shown, the court may grant an exception to any of the [above] requirements....
 Fed.R.Crim.P. 12.1 (emphasis added).