Douglas CAMPBELL, Kevin Wilkerson, Richard Adams, Joseph M. Buersmeyer, Karen Roberts and Norma–Jean Lingen, Plaintiffs,

v.

Victoria BUCKLEY, in her official capacity as Secretary of State for the State of Colorado, Defendant.

No. Civ.A. 98–M–1929.

United States District Court, D. Colorado.

May 3, 1999.

Paul Grant, Parker, CO, for plaintiffs.

Elizabeth A. Weishaupl, Assistant Attorney General, Denver, CO, for defendant.

MEMORANDUM OPINION AND ORDER

MATSCH, Chief Judge.

Plaintiff Douglas Campbell ("Campbell") brought this action claiming that the denial of his nomination by petition as a candidate for election to the United States House of Representatives for the November 3, 1998 election by the Secretary of State for the State of Colorado ("the Sec-

retary.") violates Article I, Section 2, Clause 2 of the United States Constitution ("the Qualifications Clause"). Jurisdiction is provided by 28 U.S.C. §§ 1331, 1343(a)(3). Campbell moved for a preliminary injunction with his complaint, filed September 8, 1998. A first amended complaint was filed on September 14, 1998, adding five registered voters in Colorado's Second Congressional District as additional plaintiffs who support Campbell's candidacy. The preliminary injunction was denied at a hearing on September 15, 1998. The defendant then moved to dismiss and plaintiffs filed a response. At a hearing on December 18, 1998, the court transformed the filed papers into cross motions for summary judgment under Fed.R.Civ.P. 56(c). The determining facts are not disputed.

In Colorado candidates for elective office who are not nominated by a political party can be placed in nomination by petition only if they are eligible electors who have been registered as unaffiliated for at least 12 months prior to the last day the petition may be filed. Campbell, a United States citizen, is a resident of Arvada, Colorado, who is not a qualified elector because he has not registered to vote. The added plaintiffs and other voters sought to place Campbell's name on the November 3, 1998 ballot as an unaffiliated candidate for the United States House of Representatives for the Second Congressional District of Colorado by petition.

On July 14, 1998, Campbell submitted a nominating petition to the Secretary. On August 12, 1998, the Secretary notified Campbell that his petition contained only 571 valid signatures, less than the 800 votes required for ballot access. Campbell submitted a number of cure petitions on August 18, 1998. On August 19, 1998, the Secretary informed Campbell that, pursuant to C.R.S. § 1–4–802(1)(g), his name would not appear on the November 3, 1998 ballot because he was not registered to vote in Colorado.

The United States Constitution provides as follows: "[n]o Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." U.S. Const. art. I, § 2, cl. 2. These are the only qualifications for election. The states have no power to add other qualifications for membership in Congress. *See U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 800–01, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995).

The question presented by this case is whether the Secretary's application of the Colorado statutory restriction on nominating petitions to bar Campbell's candidacy for Congress has the effect of an added qualification for that office. The statutory language is this:

> No person shall be placed in nomination by petition unless the person is an eligible elector of the political subdivision or district in which the officer is to be elected and unless the person was registered as unaffiliated, as shown on the books of the county clerk and recorder, for at least twelve months prior to the last date the petition may be filed.... C.R.S. § 1–4–802(1)(g).

The Secretary determined that this restriction is relevant to a congressional candidate because C.R.S. § 1–4–501(1), in relevant part, states:

> No person is eligible to be a designee or candidate for office unless that person fully meets the qualifications of that office as stated in the constitution and statutes of this state on or before the date the term of that office begins.

Aside from the requirement that one must register to vote, section 1–4–802(1)(g) imposes three restrictions on persons seeking election to the House of Representatives that are not found in the United States Constitution. Each is a contradiction of the constitutional language. First, the nominees must reside in the particular district in which they seek

election; the Constitution permits residence anywhere in the state of election. Second, voter registration in Colorado requires residency in the state for at least thirty days. The Constitution requires state residency only "when elected." Third, Colorado prohibits voter registration by convicted felons serving sentences or on parole. See C.R.S. § 1–2–103(4). The Constitution contains no such restriction on election to Congress.

■ The Secretary argues that a restriction violates the Qualifications Clause only when it renders a candidate completely ineligible for election, citing *Hopfmann v. Connolly*, 746 F.2d 97, 103 (1st Cir. 1984), *vacated on other grounds*, 471 U.S. 459, 105 S.Ct. 2106, 85 L.Ed.2d 469 (1985). Because Campbell could be elected through write-in votes, the Secretary maintains, the Colorado statute would be a permissible regulation over the time, place, and manner of holding elections under Article I, Section 4, Clause 1 of the United States Constitution. *Hopfmann's* holding, however, is not as broad as the Secretary contends. There the plaintiff challenged a provision in the Massachusetts Democratic Party's charter requiring a candidate receive 15 percent of the convention vote in order to be placed on the party's primary ballot. *See Hopfmann*, 746 F.2d at 99. The First Circuit noted that the case did not involve state-imposed qualifications for office and held only that the Democratic Party could place restrictions on who may run in its own primary elections. *See id.* at 102–03.

The suggested rationale for the registration requirement is that it assures the electors that the candidate meets the constitutional qualifications for membership in the House of Representatives. But nothing in the Colorado requirement for registration as an elector requires seven years of United States citizenship. Additionally, the state and district time requirements for residency would prohibit the appearance on the ballot of persons who could

qualify as residents on election day but not earlier.

The availability of write-in votes does not provide a realistic opportunity for election. The Supreme Court has repeatedly recognized that fact. *See Thornton*, 514 U.S. at 831 n. 45, 115 S.Ct. 1842; *Anderson v. Celebrezze*, 460 U.S. 780, 799 n. 26, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983) ("We have previously noted that [write-in voting] is not an adequate substitute for having the candidate's name appear on the printed ballot.") *Lubin v. Panish*, 415 U.S. 709, 719 n. 5, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974) ("The realities of the electoral process, however, strongly suggest that 'access' via write-in votes falls far short of access in terms of having the name of the candidate on the ballot.").

Colorado has by its statutes significantly limited the selection of congressional candidates by adding qualifications which effectively interfere with the right of voters to select their national representatives. The denial of Campbell's petition because he is not a registered voter is contrary to the Qualifications Clause.

■ Campbell requests an injunction ordering the Secretary to place his name on the November 2000 congressional ballot, relying primarily on cases concerning voter initiatives for legislation or for constitutional amendments. Such initiatives are qualitatively different from candidate petitions. A voter initiative seeks approval of a change in substantive law on a particular issue. Candidate petitions seek the election of a particular person to a specific office in a specific contest among candidates at a particular time. To impose Campbell's candidacy on voters who may participate in the next election in Colorado's Second Congressional District would be an unwarranted intrusion on the freedom of the electorate to select their candidates. It is

ORDERED that the plaintiffs' motion for summary judgment is granted; and it is FURTHER ORDERED that the defen-

dant's motion for summary judgment is denied; and it is

FURTHER ORDERED that the application of that part of C.R.S. § 1–4–802(1)(g) requiring a congressional candidate to be an eligible elector of the congressional district in which he seeks election is declared to be in violation of the Qualifications Clause of the United States Constitution; and it is

FURTHER ORDERED that the plaintiff's request for an injunction ordering the Secretary of State for the State of Colorado to place his name on the ballot as a candidate for the United States House of Representatives for the Second Congressional District of Colorado for the November 2000 election is denied; and it is

FURTHER ORDERED that the plaintiffs shall be awarded their costs.