STATE OF CONNECTICUT *v.* EDWARD ANDREWS
(AC 17984)

Schaller, Dupont and Shea, Js.

Argued December 17, 1998—officially released April 27, 1999

*Richard Condon, Jr.,* deputy assistant public defender, for the appellant (defendant).

*Robert J. Scheinblum,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Michael A. Pepper,* former assistant state's attorney, for the appellee (state).

*Opinion*

SHEA, J. The defendant appeals from the judgment convicting him of murder in violation of General Statutes § 53a-54a (a)[1] and imposing a sentence of imprisonment for thirty-three years. The only claim relied on for reversal of the judgment is that the failure of the trial court to inform him when he pleaded guilty to the murder charge that a murder conviction would make him ineligible for parole pursuant to General Statutes § 54-125a (b) (1)[2] rendered the pleading canvass defective and entitled him to withdraw his plea. We reject that claim and affirm the judgment.

Originally, the defendant pleaded not guilty to the murder charge and to two additional charges involving his possession and use of a firearm. After a jury had

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

[2] General Statutes § 54-125a (b) (1) provides in relevant part: "No person convicted of any of the following offenses, which was committed on or after July 1, 1981, shall be eligible for parole under subsection (a) of this section . . . murder, as defined in section 53a-54a . . . ."

been selected, the trial began on September 4, 1996. The trial court denied the defendant's motion to suppress the testimony of an eyewitness who identified the defendant as the person who had shot the victim.

On the following day, the defendant agreed to plead guilty to the murder charge and the state agreed not to prosecute the other two charges. Before accepting the guilty plea, the trial court canvassed the defendant in accordance with the requirements of Practice Book §§ 711 through 713, now §§ 39-19 through 39-21. The defendant's responses to the court's inquiries disclosed that he was thirty years of age and a high school graduate who had attended college for one year. He had discussed the murder charge and the evidence against him with his attorney and was satisfied with his attorney's services. He was not under the influence of alcohol, drugs or any medication and he understood that murder was a class A felony that carried a maximum sentence of sixty years and a minimum sentence of twenty-five years with a maximum fine of $20,000. During the canvass, the defendant said that he realized he was waiving various constitutional rights related to a criminal trial by pleading guilty, but, nevertheless, was pleading guilty voluntarily without any force or threats by other persons.

The court informed the defendant that, after discussing the case with the prosecutor and defense counsel, it was prepared to impose a sentence of thirty-three years for the crime that the defendant had committed. The court asked the defendant whether he wanted to plead guilty to murder when the sentence indicated was thirty-three years. The defendant answered yes. The court then proceeded to accept the guilty plea.

On December 3, 1996, before the sentencing proceeding, the defendant filed a written motion to withdraw his guilty plea, alleging that the plea was made unknowingly and involuntarily. Previously, in a brief letter received

by the clerk's office on October 18, 1996, the defendant had claimed that the trial court did not canvass him properly on an unspecified critical element of his case.

On January 9, 1997, there was an evidentiary hearing on the motion to withdraw the guilty plea. The only witness presented was the defendant, who testified that he did not understand the consequences of his plea when the trial court questioned him during the plea acceptance proceeding. He claimed that he was then under the impression that he would have to serve only eight to fifteen years of his thirty-three year sentence.[3] He also testified that his plea was not voluntary because his trial attorney had pressured him into pleading guilty.[4] After listening to the arguments of the state's attorney and the defendant's new counsel, the court reviewed the transcript of the plea canvass and denied the motion to withdraw the defendant's guilty plea. The court then sentenced the defendant to thirty-three years imprisonment as agreed at the time that his guilty plea was accepted.

On appeal, the defendant claims that the trial court should have permitted him to withdraw his plea in accordance with Practice Book § 721 (2)[5] because of

[3] The defendant testified: "Well, it's like in New York, thirty-three years—it would be like eight to fifteen years. And now I got the internal memo and they said I got to do like twenty-seven years flat." The record, briefs and transcript fail to disclose the basis for the defendant's statement concerning the duration of imprisonment resulting from a thirty-three year sentence under New York law.

[4] On appeal, the defendant has not briefed this claim of being pressured by his trial attorney to plead guilty. Accordingly, we must treat that claim in this appeal as abandoned. *Mather* v. *Griffin Hospital*, 207 Conn. 125, 129 n.2, 540 A.2d 666 (1988); *State* v. *Cavallo*, 200 Conn. 664, 666 n.3, 513 A.2d 646 (1986).

[5] Practice Book § 721 (2), now § 39-27, provides in relevant part: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows . . . .

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed . . . ."

his mistaken belief that the thirty-three year sentence would result in only eight to fifteen years of actual imprisonment. He maintains that the court should have informed him that he would not be eligible for parole because § 54-125a (b) (1) provides that persons convicted of murder as defined in § 53a-54a are ineligible for parole.

I

The state argues initially that the defendant has not properly preserved his claim for appellate review because he merely filed a "boilerplate motion to withdraw, asserting in a generic fashion that his guilty plea was unknowing and involuntary." There is little substance to this contention.

Although the defendant's written motion to withdraw his plea does not state the basis for his claim that the plea was unknowing and involuntary, the grounds for his motion were sufficiently articulated at the hearing thereon prior to sentencing. The defendant testified at the hearing that he thought he would be imprisoned for only eight to fifteen years of the thirty-three year sentence because that would have been the result under New York law. In this appeal, he is raising essentially the same claim, that he was not fully aware of the consequences of his plea because of his misunderstanding concerning the time he would have to remain in prison. The state's reliance on *State* v. *Brown*, 19 Conn. App. 640, 642, 563 A.2d 1379, cert. denied, 212 Conn. 821, 565 A.2d 540 (1989), in which this court declined to review an unpreserved claim regarding a plea canvass, is misplaced because the defendant in that case first challenged the sufficiency of the canvass after he had been sentenced. Practice Book § 720[6] prohibits the withdrawal of a plea after the conclusion

---

[6] Practice Book § 720, now § 39-26, provides in relevant part: "A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."

of the sentencing proceeding. Because the defendant sufficiently raised the issue on which he seeks appellate review in the trial court, we need not consider his alternative ground for such review, that his claim involves the deprivation of a constitutional right and satisfies the criteria for review of claims not raised in the trial court as set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

## II

"We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in the federal courts." *Hill* v. *Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). The federal courts of appeal have rejected claims that a plea was involuntary because of the failure to inform a defendant that the sentence imposed following a plea of guilty would result in ineligibility for parole. *United States* v. *Posner*, 865 F.2d 654, 659–60 (5th Cir. 1989); *Hunter* v. *Fogg*, 616 F.2d 55, 60 (2d Cir. 1980);[7] *Armstrong* v. *Egeler*, 563 F.2d 796, 800 (6th Cir. 1977). Parole eligibility is regarded as a collateral consequence of a guilty plea and the trial court is not obliged to

---

[7] The United States Court of Appeals for the Second Circuit, when it first considered the issue, held that the failure of the trial court to inform the defendant that he was ineligible for parole with respect to the offense to which he had pleaded guilty invalidated the plea because he was not advised of that consequence of his conviction. *Bye* v. *United States*, 435 F.2d 177 (2d Cir. 1970). In *Hunter* v. *Fogg*, supra, 616 F.2d 60, decided after the 1975 amendment to rule 11 of the Federal Rules of Criminal Procedure, the court effectively overruled *Bye* by construing the amended rule to require that the trial court, in accepting a guilty plea, inform the defendant of "only two sentencing consequences: the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." (Internal quotation marks omitted.)

inform the defendant on that subject before accepting the plea. G. Herman, Plea Bargaining § 8.08 (1997). "The failure to advise a defendant of collateral consequences of a plea of guilty does not render it involuntary. *Holloway* v. *Lynaugh*, 838 F.2d 792, 794 [(5th Cir.), cert. denied, 488 U.S. 838, 109 S. Ct. 104, 102 L. Ed. 2d 80 (1988)]. A defendant need not be furnished with information about parole eligibility . . . and the current rules of procedure . . . in the federal courts do not require it." *United States* v. *Posner*, supra, 660.

In claiming that a different rule should prevail in Connecticut, the defendant relies on *State* v. *Collins*, 176 Conn. 7, 9–10, 404 A.2d 871 (1978), and *State* v. *Collins*, 207 Conn. 590, 598, 542 A.2d 1131 (1980). In *State* v. *Collins,* supra, 7, the defendant pleaded guilty pursuant to an agreement that he would receive a sentence of seven and one-half to fifteen years. When the sentence was imposed, however, the court added the condition that the new sentence would be served after he had completed serving any outstanding sentences. The defendant immediately moved to withdraw his guilty plea because the court had modified the plea bargaining agreement. On the appeal from the denial of the defendant's motion, our Supreme Court reversed the judgment and ordered that the defendant be allowed to withdraw his plea because there was no prior discussion of whether the sentence imposed would be concurrent or consecutive to the outstanding sentences. A guilty plea " 'cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' . . . An understanding of the law in relation to the facts must include all relevant information concerning the sentence. The length of time a defendant may have to spend in prison is clearly crucial to a decision of whether or not to plead guilty." (Citations omitted.) Id., supra, 9–10.

In *State* v. *Collins*, supra, 207 Conn. 590, the defendant moved to withdraw his guilty pleas immediately

before he was sentenced. He claimed that his attorney had incorrectly informed him that, with credit for good time, he would spend less than ten years in prison in serving his sentence of seventeen years. The attorney who had represented the defendant in the trial court admitted that he had misinformed the defendant about the duration of prison confinement resulting from the sentence imposed. Our Supreme Court remanded the case for an evidentiary hearing to determine the effect of the erroneous advice on the defendant's decision to plead guilty. Id., 598.

Although *State* v. *Collins*, supra, 176 Conn. 7, and *State* v. *Collins*, supra, 207 Conn. 590, demonstrate the concern of our Supreme Court that a defendant be fully aware of the duration of his imprisonment resulting from a sentence imposed pursuant to a plea bargain, those cases are clearly distinguishable from the case before us in which the claim is that the trial court was obliged to inform the defendant that a person convicted of murder is ineligible for parole. In *State* v. *Collins*, supra, 176 Conn. 7, the court held simply that a trial court cannot modify a plea bargain in a manner detrimental to the defendant without affording him an opportunity to withdraw his plea. In *State* v. *Collins*, supra, 207 Conn. 590, the court did not attempt to impose on the trial court a duty to inform the defendant of the effective term of imprisonment he would serve if he should earn the maximum amount of good time, but remanded the case for an evidentiary proceeding to determine whether the defendant's attorney had misinformed him about the effect of good time on his sentence.[8] Neither case supports the defendant's claim that the trial court has a duty to advise a defendant that his conviction will make him ineligible for parole.

[8] In this appeal, the defendant has not claimed that his trial attorney informed him that he would be imprisoned for only eight to fifteen years of his thirty-three years sentenced.

Our Supreme Court has rejected several claims that, in accepting a guilty plea, the trial court must advise the defendant of the consequences of his conviction beyond those prescribed by Practice Book § 711, now § 39-19. In *Mainiero* v. *Liburdi*, 214 Conn. 717, 725, 573 A.2d 1207 (1990), the court was not persuaded that a defendant who pleaded guilty pursuant to a plea agreement was entitled to a reversal of his conviction because the trial court never informed him that he would be ineligible for sentence review or sentence modification. "There is no requirement . . . that the defendant be advised of every possible consequence of such a plea." *State* v. *Gilnite*, 202 Conn. 369, 383, 521 A.2d 547 (1987). Even when the trial court, in accepting a guilty plea, has failed to comply with Practice Book § 711 (2) by neglecting to advise the defendant of the mandatory minimum sentence for an offense, the plea remains effective as long as the record indicates that the defendant understood the actual sentencing possibilities. *State* v. *Domian*, 235 Conn. 679, 687–88, 668 A.2d 1333 (1996).

The judgment is affirmed.

In this opinion the other judges concurred.