## LUIS FERNANDEZ *v.* COMMISSIONER OF CORRECTION
### (AC 33455)

DiPentima, C. J., and Robinson and Pellegrino, Js.

Argued September 10—officially released November 20, 2012

*Laljeebhai R. Patel*, special public defender, for the appellant (petitioner).

*Melissa Patterson*, assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Jo Anne Sulik*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

ROBINSON, J. The petitioner, Luis Fernandez, following a grant of certification to appeal by the habeas court, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims on appeal that the habeas court

improperly dismissed his petition for a writ of habeas corpus for lack of subject matter jurisdiction because the petitioner was not in custody pursuant to General Statutes § 52-466.[1] We disagree and affirm the judgment of the habeas court.

The record reveals the following relevant facts and procedural history. On October 5, 2001, the petitioner was sentenced to an effective term of twenty-eight years of incarceration after being convicted on several drug related offenses (drug conviction). *State* v. *Fernandez*, 76 Conn. App. 183, 186, 818 A.2d 877, cert. denied, 264 Conn. 901, 823 A.2d 1220 (2003). On October 13, 2001, the petitioner was charged with assault in the second degree and failure to comply with a fingerprint request, stemming from an incident involving an inmate where the petitioner was incarcerated. *Fernandez* v. *Commissioner of Correction*, 96 Conn. App. 251, 253–54, 900 A.2d 54, cert. denied, 280 Conn. 908, 907 A.2d 89 (2006). He pleaded guilty to assault in the second degree on October 1, 2002, and was sentenced to one year in prison to run concurrently with his existing sentence (assault conviction). He finished serving his sentence on the assault conviction on or about September 30, 2003.

The petitioner received a letter dated June 5, 2008, from the board of pardons and paroles regarding a freedom of information request that he had made. In the letter, Andrew Moseley, parole and community services

[1] The petitioner also seeks to have the court reconsider its decision in *Ford* v. *Commissioner of Correction*, 59 Conn. App. 823, 758 A.2d 853 (2000). "As has often been observed, this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel. The reversal may be accomplished only if the appeal is heard en banc." (Internal quotation marks omitted.) *State* v. *Elson*, 125 Conn. App. 328, 359, 9 A.3d 731 (2010), cert. granted on other grounds, 300 Conn. 904, 12 A.3d 572 (2011). As the petitioner did not move to have the case be heard en banc prior to oral argument pursuant to Practice Book § 70-7, we decline to reconsider the decision in *Ford*.

manager, stated that "[n]o parole hearing has been scheduled for you, nor is any parole hearing planned before you are approximately [six] months away from your current parole eligibility date of 5/16/2024. The 5/16/2024 date is the date at which you would have served 85 [percent] of your current sentence of [twenty-eight] years." He went on to state that "[t]he fact that [the assault conviction] exists during your current sentence will force your parole eligibility date to be based on 85 [percent] of the entire [twenty-eight] year sentence."

On February 25, 2009, the petitioner filed a petition for a writ of habeas corpus challenging his assault conviction. An amended petition was filed on January 7, 2011. On February 16, 2011, the respondent, the commissioner of correction, filed a motion to dismiss the petitioner's amended petition on the ground that the petitioner was not in custody on the assault conviction at the time that he filed the petition. On February 22, 2011, the petitioner filed an objection arguing that the court had jurisdiction pursuant to the exception to the custody requirement as expressed in *Garlotte* v. *Fordice*, 515 U.S. 39, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995). The court issued a memorandum of decision on March 24, 2011, granting the respondent's motion to dismiss. It held that the court did not have subject matter jurisdiction over the petitioner's habeas corpus petition because he was not in custody for the assault conviction when he filed his petition. It also concluded that the extension of parole eligibility date as a result of his assault conviction was a collateral consequence that did not render the petitioner in custody. As a result, the court dismissed the petition. It granted the petitioner's application for certification to appeal from the dismissal of the petition, and this appeal followed.

On appeal, the petitioner first claims that he is in custody on his assault conviction. Specifically, he claims that the sentence for the assault conviction has

not fully expired because he suffers a present restraint, namely, the noneligibility of review for parole, as a result of the conviction. Alternately, the petitioner claims that the exception to the custody requirement expressed in *Garlotte* applies to his case because the sentence for the assault conviction merged with the sentence for the drug conviction to create a continuous stream of custody and an invalidation of the assault conviction would advance the date of his eligibility for parole. We disagree with both contentions.

We begin our analysis by setting forth the applicable standard of review for dismissal of a petition for habeas corpus for lack of subject matter jurisdiction. "The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 784, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009).

"Subject matter jurisdiction for adjudicating habeas petitions is conferred on the Superior Court by General Statutes § 52-466, which gives it the authority to hear those petitions that allege illegal confinement or deprivation of liberty." (Internal quotation marks omitted.) *Hickey* v. *Commissioner of Correction*, 82 Conn. App. 25, 31, 842 A.2d 606 (2004), appeal dismissed, 274 Conn. 553, 876 A.2d 1195 (2005). "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter

jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 696, 6 A.3d 52 (2010).

I

## CUSTODY REQUIREMENT

The petitioner claims that he is in custody under § 52-466 because the sentence for his assault conviction did not fully expire. He argues that because he has remained incarcerated since he was sentenced on the assault conviction, which merged with the sentence on the drug conviction,[2] and is not eligible for parole review until 85 percent of both sentences have been completed, rather than the 50 percent that was available to him prior to the assault conviction,[3] he suffers present

[2] Though the petitioner does not refer to any statutory authority explicitly when referencing merged sentences, based on his argument and the cases that he cites, the court assumes that he is referring to General Statutes § 53a-38 (b). Section 53a-38 (b) provides in relevant part that "[a] definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run . . . ."

[3] The statutory authority supporting the petitioner's claim is found at General Statutes (Sup. 2012) § 54-125a. Section 54-125a provides in relevant part: "(a) A person convicted of one or more crimes who is incarcerated on or after October 1, 1990, who received a definite sentence or aggregate sentence of more than two years, and who has been confined under such sentence or sentences for not less than one-half of the aggregate sentence less any risk reduction credit earned under the provisions of section 18-98e or one-half of the most recent sentence imposed by the court less any risk reduction credit earned under the provisions of section 18-98e, whichever is greater, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which the

restraint as a result of the assault conviction and, therefore, his assault conviction has not expired. We disagree.

Section 52-466 (a) (1) provides in relevant part that "[a]n application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty." Our Supreme Court has concluded that the custody requirement is jurisdictional. *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 526, 876 A.2d 1178 (2005). The Supreme Court also has developed two principles that delineate when a petitioner is or is not in custody pursuant to § 52-466. First, "the petitioner [must] be in *custody on the conviction under attack* at the time the habeas petition is filed . . . . Second, collateral consequences flowing from an expired conviction do not render a petitioner in custody under § 52-466; rather, such a claim of confinement or custody and any accompanying loss of liberty [due to the expired conviction] [stem] solely from [a petitioner's] current conviction." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Richardson* v. *Commissioner of Correction*, supra, 298 Conn. 698. Accordingly, "[a]lthough the custody requirement has been construed liberally . . . it has never been extended to the situation where

person is confined . . . . (b) . . . (2) A person convicted of . . . an offense . . . where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against another person shall be ineligible for parole under subsection (a) of this section until such person has served not less than eighty-five per cent of the definite sentence imposed less any risk reduction credit earned under the provisions of section 18-98e."

Thus, prior to his assault conviction, the petitioner was eligible for parole after 50 percent of his twenty-eight year sentence was completed. After the assault conviction, the petitioner was eligible after 85 percent of his twenty-eight year sentence was completed.

a habeas petitioner suffers no present restraint from a conviction. . . . Such an interpretation would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time through a state petition for habeas corpus and would read the in custody requirement out of the statute." (Citations omitted; internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, supra, 530–31, quoting *Maleng* v. *Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam).

First, we address the petitioner's argument that the merger of the sentences on the assault and drug convictions renders the assault conviction not fully expired. The fact that concurrent sentences are merged for the purpose of calculating the incarceration period does not lead to the conclusion that a shorter sentence, running concurrent with a longer sentence, has not expired until the longer sentence ends. "The merger concept embodied in [General Statutes § 53a-38 (b)] simply requires that the respondent compare the length of each sentence . . . in order to ascertain which is the longest for the purpose of determining the prisoner's discharge date. . . . The merger process does not alter the fact that concurrent sentences remain separate terms of imprisonment which the legislature has permitted to be served at one time." (Citation omitted; internal quotation marks omitted.) *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 819, 860 A.2d 715 (2004); see also *Ford* v. *Commissioner of Correction*, 59 Conn. App. 823, 830, 758 A.2d 853 (2000) (rejecting petitioner's argument that § 53a-38 [b] applies to in custody definition in habeas corpus matters).

Next, we examine the petitioner's claim that the change in parole eligibility has caused him to suffer a present restraint on the assault conviction. Parole is defined as "[t]he conditional release of a prisoner from

imprisonment before the full sentence has been served." Black's Law Dictionary (9th Ed. 2009). "Parole does not destroy the judgment against the prisoner or remit his or her guilt. *Neither does parole diminish a judicially imposed sentence or in any way affect it.* A person on parole remains subject to the sentence of commitment for the period of time specified by the court. Parole alters only the method and degree of confinement during the period of commitment." (Emphasis added.) 59 Am. Jur. 2d, Pardon and Parole § 116 (2012). "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. . . . A state may . . . establish a parole system, but it has no duty to do so." (Internal quotation marks omitted.) *Baker* v. *Commissioner of Correction*, 281 Conn. 241, 253, 914 A.2d 1034 (2007), quoting *Greenholtz* v. *Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Moreover, our Supreme Court "has held explicitly that the parole eligibility statute is not within the terms of the sentence imposed." (Internal quotation marks omitted.) *Baker* v. *Commissioner of Correction*, supra, 260. Rather, "[p]arole eligibility is regarded as a collateral consequence of a guilty plea . . . ." *State* v. *Andrews*, 53 Conn. App. 90, 95–96, 729 A.2d 232 (1999), aff'd, 253 Conn. 497, 752 A.2d 49 (2000). Thus, parole eligibility does not affect a term of incarceration.

In the present case, the petitioner was sentenced to a term of one year of imprisonment on the assault conviction, to run concurrently with his twenty-eight year sentence, beginning on October 1, 2002. He finished serving that sentence no later than September 30, 2003. Thus, the assault conviction expired beginning on October 1, 2003. Because parole eligibility neither affects the term of the sentence for the assault conviction nor mandates release at a particular time, the fact

that the petitioner's eligibility for parole was extended from 50 percent of time served to 85 percent of time served on his still effective term of imprisonment of twenty-eight years did not cause the petitioner to suffer a present restraint with respect to the assault conviction, nor did it affect when the sentence for the assault conviction expired. Rather, the change in parole eligibility is a collateral consequence of the assault conviction. When the petitioner filed his petition for a writ of habeas corpus on February 25, 2009, the assault conviction had expired and the petitioner was in custody only on the drug conviction. His claim of confinement and loss of liberty, namely, his advanced parole eligibility date, stem solely from the drug conviction. See *Richardson* v. *Commissioner of Correction*, supra, 298 Conn. 698; *McCarthy* v. *Commissioner of Correction*, 274 Conn. 557, 562, 877 A.2d 758 (2005); *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 531. Accordingly, we conclude that the court properly determined that the collateral consequences of the petitioner's expired conviction were insufficient to render him in custody for the assault conviction.

## II

## *GARLOTTE* EXCEPTION

Next, the petitioner argues that the *Garlotte* exception to the custody requirement applies because the two concurrent sentences constitute a continuous stream of custody and an invalidation of the assault conviction would advance the date of his eligibility for parole. We disagree.

In *Garlotte* v. *Fordice*, supra, 515 U.S. 41–42, the petitioner, Harvey Garlotte, was sentenced to consecutive terms of three years imprisonment for a drug conviction followed by two concurrent life sentences. By the time he had filed his habeas petition on the drug conviction, the petitioner had completed the sentence

for the drug conviction. Id., 42. On appeal in the United States Court of Appeals for the Fifth Circuit, the state argued that the habeas court lacked jurisdiction over the petitioner's petition because he was not in custody on the drug charge at the time the petition was filed. Id., 43. After the Fifth Circuit dismissed the petitioner's petition, adopting the state's position, the United States Supreme Court granted certiorari. Id.

Relying on a previous United States Supreme Court case, *Peyton* v. *Rowe*, 391 U.S. 54, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968), the court reaffirmed its holding that "a prisoner serving consecutive sentences is in custody under any one of them for purposes of the habeas statute." (Internal quotation marks omitted.) *Garlotte* v. *Fordice*, supra, 515 U.S. 45. "Following *Peyton*, we do not disaggregate Garlotte's sentences, but comprehend them as composing a continuous stream. We therefore hold that Garlotte remains 'in custody' under all of his sentences until all are served, and now may attack the conviction underlying the sentence scheduled to run first in the series." Id., 41. Because the court viewed "consecutive sentences in the aggregate"; id., 47; the court found that "[i]nvalidation of Garlotte's marijuana conviction would advance the date of his eligibility for release from present incarceration. Garlotte's challenge, which will shorten his term of incarceration if he proves unconstitutionality, implicates the core purpose of habeas review." Id.

This court addressed whether the *Garlotte* exception applies to concurrent sentences in *Ford* v. *Commissioner of Correction*, supra, 59 Conn. App. 828–29. In *Ford*, the petitioner, while incarcerated for an effective sentence of twenty-five years for a robbery conviction, was sentenced to a term of three years imprisonment for a burglary conviction to run concurrently with the robbery sentence. Id., 825. After the petitioner completed his sentence for the burglary conviction, he filed

a petition for a writ of habeas corpus challenging the burglary conviction. Id. The respondent moved to dismiss for mootness because the petitioner had served his sentence for the burglary conviction. Id. The court agreed, dismissing the petition, and the petitioner appealed. Id. This court affirmed the judgment. Id., 824. We held that *Garlotte* did not apply because "the sentences were to be served concurrently rather than consecutively. Therein lies the fundamental difference between this case and *Garlotte*. The *Garlotte* court was concerned that if it held that a prisoner could not challenge a consecutive term that already had been served, but that a prisoner could challenge an unserved consecutive term . . . then the question of whether a prisoner serving consecutive sentences had met the 'in custody' requirement would turn on the arbitrary decision of a trial court to have one consecutive sentence run before another. . . . The concern expressed by the court in *Garlotte* does not arise in cases such as this one where the petitioner is serving concurrent sentences because concurrent sentences automatically begin to run at the same time." (Citations omitted.) Id., 828–29.[4]

Since *Ford*, our Supreme Court has declined to address whether the *Garlotte* exception applies to concurrent sentences. See *Richardson* v. *Commissioner*

[4] Our Supreme Court in *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 575, 877 A.2d 761 (2005), rejected the court's determination in *Ford* that concurrent sentences automatically run at the same time, instead holding that the terms of concurrent sentences begin to run from their respective sentencing dates. It noted, however, that the court had "recently affirmed the central conclusion in *Ford* that § 52-466 requires a petitioner to be in custody on the conviction under attack at the time the habeas petition was filed." Id., 575 n.12. Moreover, *Ford* is applicable and binding on the present case. Even calculating the commencement of the terms of imprisonment from their respective sentencing dates, it is undisputed that the petitioner's second sentence in *Ford* had fully expired when he filed his petition. *Ford* v. *Commissioner of Correction*, supra, 59 Conn. App. 825. Thus, notwithstanding this court's conclusion about when the concurrent sentences began to run, the court's holding, in this factually similar case, that the petitioner was not in custody on the challenged conviction is correct.

*of Correction,* supra, 298 Conn. 695 n.7 ("we need not address the exception in *Garlotte* . . . whereby a habeas petitioner may challenge a consecutive sentence served prior to his current conviction . . . a narrow exception that we have described as motivated by the concern that consecutive sentences constitute a continuous stream of custody because most states aggregate consecutive sentences for various penological purposes" [citations omitted; internal quotation marks omitted]); *Oliphant* v. *Commissioner of Correction,* 274 Conn. 563, 580 n.18, 877 A.2d 761 (2005) ("[w]e . . . decline to reach the issue of whether *Garlotte* applies to concurrent sentences in addition to consecutive sentences"). Its reasoning in similar cases, however, suggests that *Garlotte* would not apply.

In *Ajadi* v. *Commissioner of Correction,* 280 Conn. 514, 517–18, 911 A.2d 712 (2006), the petitioner, a permanent resident, was serving a one year sentence as a result of a conviction for larceny in the third degree and failure to appear in the first degree. While the petitioner was incarcerated, the United States Immigration and Naturalization Service (INS) filed a notice to appear, seeking his removal due to his 1997 guilty plea to an aggravated felony. Id., 518. The respondent, the commissioner of correction, paroled the petitioner into the custody of INS and, shortly thereafter, discharged him from parole. Id., 518–19. INS subsequently amended the notice to appear, withdrawing the 1997 conviction and adding the larceny conviction as the basis for removal. Id., 519. An immigration judge found the petitioner removable based on his larceny conviction and ordered him removed. Id., 519–20. In 2004, the petitioner filed a petition for a writ of habeas corpus, challenging his larceny conviction. Id., 521. The respondent moved to dismiss for lack of subject matter jurisdiction

because the petitioner was not in custody on the conviction that he was challenging. Id. The court agreed, dismissing the petition, and the petitioner appealed. Id., 521–22.

Our Supreme Court first noted that "it is undisputed that the petitioner's [larceny conviction] had expired completely by the time the petitioner had filed his petition for a writ of habeas corpus. Moreover, it is well established that deportation is a collateral consequence of a criminal conviction. . . . Deportation is a collateral consequence because deportation proceedings are beyond the control and responsibility of the [trial] court in which [the petitioner's criminal] conviction was entered." (Citations omitted; internal quotation marks omitted.) Id., 539–40.

With respect to the petitioner's argument that the *Garlotte* exception applied, the court explained that "[i]n *Maleng*, the [United States Supreme Court] explicitly rejected the claim that a habeas petitioner is in custody on an expired conviction because reversal of that conviction would advance the date of the petitioner's release from his current confinement. . . . *Garlotte* did not overrule *Maleng* in this respect, but simply determined that a series of consecutive sentences, unlike other forms of custody, are viewed in the aggregate, not as discrete segments. . . . Therefore, a petitioner serving consecutive sentences remains in custody under all of [the] sentences until all are served . . . . Because the petitioner in the present case is not serving consecutive sentences, we conclude that *Maleng* and *Lebron*, rather than *Garlotte*, dictate the outcome of the present case." (Citations omitted; internal quotation marks omitted.) Id., 542–43.

The court also rejected the petitioner's argument that a criminal conviction followed by deportation proceedings, like consecutive sentences, should be treated as

a continuous stream of custody. Id., 543. It noted that "[i]n *Peyton* and *Garlotte*, the United States Supreme Court concluded that consecutive sentences constitute a continuous stream of custody because most states aggregate consecutive sentences for various penological purposes, such as parole eligibility and accrual of good time credit. . . . Moreover, the court was cognizant of the fact that the order in which criminal prosecutions are commenced, and consecutive sentences are imposed, often is arbitrary. . . . These concerns, however, are not implicated in the present factual context. Specifically, we are not aware of any jurisdiction that aggregates a criminal conviction and a subsequent deportation proceeding for penological purposes. Further, a criminal prosecution and a deportation proceeding cannot be commenced in an arbitrary order. Indeed, a deportation proceeding, like all collateral consequences, necessarily arises out of, and is successive to, the conviction of a particular crime. Accordingly, we conclude that the reasoning of *Peyton* and *Garlotte* is inapplicable to the present case." (Citations omitted.) Id., 543–44.

Similarly, in *Oliphant* v. *Commissioner of Correction*, supra, 274 Conn. 565–66, while incarcerated for an effective term of fifteen months (first convictions), the petitioner was convicted on another charge (second conviction) and sentenced to an effective term of seven years, to run concurrent with the first sentence. When the petitioner filed a petition for a writ of habeas corpus challenging the first convictions, the sentence for the first convictions had expired and he was serving only the seven year sentence. Id., 566. The court dismissed the petition, sua sponte, on the ground that it did not have jurisdiction because the petitioner was not in custody on the first convictions. Id., 567. The petitioner appealed. Id.

The court first noted that "the federal courts view prior and future consecutive sentences as a continuous stream of custody for the purposes of the habeas court's subject matter jurisdiction." (Internal quotation marks omitted.) Id., 573. It then went on to state that "*Garlotte* applies only if the petitioner can establish that he would be entitled to an earlier release date if the [first] convictions were reversed . . . ." Id., 574. Concluding that it could not "discern from the record or the petitioner's brief whether a successful challenge to the expired conviction would affect the amount of time that the petitioner spends in custody, we decline to consider whether the *Garlotte* exception applies to the petitioner's case." Id., 580.

In the present case, as we concluded in part I of this opinion, the petitioner's assault conviction expired several years prior to his petition challenging the conviction, and the effect of the assault conviction on his eligibility for parole is a collateral consequence. Our Supreme Court has been clear that the collateral consequences of an expired conviction do not render a petitioner in custody under § 52-466. See *Richardson* v. *Commissioner of Correction*, supra, 298 Conn. 698; *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 541.

Moreover, as noted in *Ford* and *Ajadi*, the concerns addressed by *Garlotte*, as to consecutive sentences, are not implicated under other circumstances. *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 543–44 (deportation proceedings following term of imprisonment); *Ford* v. *Commissioner of Correction*, supra, 59 Conn. App. 828–29 (concurrent sentences). Concurrent sentences do not create a continuous stream of custody because they do not, by their nature, extend the term of incarceration. Contrary to the petitioner's assertion, because the petitioner's sentences ran concurrently, the reversal of the assault conviction could not shorten his

term of incarceration. See *Garlotte* v. *Fordice,* supra, 515 U.S. 47 (success of petitioner's claim would shorten term of incarceration); *Oliphant* v. *Commissioner of Correction,* supra, 274 Conn. 574 (*Garlotte* applies if petitioner would receive earlier release date). Regardless of whether the petitioner was successful in his challenge, his effective term of imprisonment would remain twenty-eight years. Accordingly, we conclude that the court properly determined that *Garlotte* did not apply and that it did not have subject matter jurisdiction over the petitioner's habeas petition because the petitioner was not in custody on his expired assault conviction.

The judgment is affirmed.

In this opinion the other judges concurred.