******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STANLEY FOOTE *v.* COMMISSIONER
OF CORRECTION
(AC 37428)

Lavine, Alvord and Schaller, Js.

*Argued November 14, 2016—officially released February 14, 2017*

(Appeal from Superior Court, judicial district of
Tolland, geographical area number nineteen, Oliver, J.)

*Jodi Zils Gagné*, for the appellant (petitioner).

*Matthew A. Weiner*, assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, *Angela R. Macchiarulo*, senior assistant state's attorney, and *Michael Proto*, assistant state's attorney, for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner, Stanley Foote, following a grant of certification to appeal by the habeas court, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly dismissed his habeas petition for lack of subject matter jurisdiction because the petitioner was not in the custody of the respondent, the Commissioner of Correction, on the challenged conviction when he filed his petition, as required by General Statutes § 52-466. We disagree and affirm the judgment of the habeas court.

Our review of the record reveals the following facts and procedural history. On November 13, 2002, the petitioner was convicted of possession of cocaine with intent to sell by a person who is not drug-dependent and received a sentence of eight years incarceration and five years special parole (Ansonia conviction). See *State* v. *Foote*, 85 Conn. App. 356, 360, 857 A.2d 406 (2004) (affirming petitioner's conviction), cert. denied, 273 Conn. 937, 875 A.2d 43, 44 (2005). Thereafter, the special parole portion of his sentence was reduced to three and one-half years. On July 21, 2010, while he was on parole on the Ansonia conviction, the petitioner was arrested for participating in a narcotics sale. On September 14, 2010, in connection with this incident, the petitioner pleaded guilty under the *Alford* doctrine[1] to conspiracy to sell narcotics. He received a sentence of two years incarceration (Waterbury conviction), to run concurrently with his existing sentence on the Ansonia conviction. After the petitioner was sentenced, he was informed by the Department of Correction that the unexpired portion of his special parole on the Ansonia conviction would not begin to run until after the petitioner completed his sentence on the Waterbury conviction.

On January 3, 2013, after completing the sentence on the Waterbury conviction, but before completing the sentence on the Ansonia conviction, the petitioner filed a petition for a writ of habeas corpus challenging the Waterbury conviction. An amended petition was filed on May 19, 2014. On May 23, 2014, the respondent filed a motion to dismiss the petition on the ground that the petitioner was not in custody on the Waterbury conviction at the time that he filed the petition. On July 2, 2014, the petitioner filed an objection, arguing that, although the Waterbury conviction had expired at the time of the petition, the court had jurisdiction pursuant to the custody exception as expressed in *Garlotte* v. *Fordice*, 515 U.S. 39, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995). Under *Garlotte*, subject matter jurisdiction exists for an expired sentence when the petitioner is serving consecutive sentences and the expired sentence has an appreciable effect on the current sentence. Id.,

47; *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 574 n.9, 877 A.2d 761 (2005) (explaining circumstance in which *Garlotte* exception applies). The habeas court issued a memorandum of decision on September 17, 2014, granting the respondent's motion to dismiss. The habeas court held that it did not have subject matter jurisdiction over the petitioner's habeas petition because he was not in custody on the Waterbury conviction when he filed his petition, and the *Garlotte* custody exception did not apply. The habeas court subsequently granted the petitioner's petition for certification to appeal, and this appeal followed.

On appeal, the petitioner claims that the court improperly dismissed his petition for a writ of habeas corpus on the ground that he was not in the custody of the respondent on the challenged Waterbury conviction when he filed his petition, as required by § 52-466.[2] Specifically, he claims that, although the trial court gave the petitioner a concurrent sentence on the Waterbury conviction, it became a consecutive sentence in practice because the unexpired portion of his special parole on the Ansonia conviction did not begin to run until after he finished his sentence on the Waterbury conviction. Moreover, the petitioner claims that he is actually challenging how the sentence on the Waterbury conviction affected the sentence on the Ansonia conviction, and that he should have been allowed to amend the petition to include a challenge to the Ansonia conviction. We disagree.

To resolve the petitioner's claim, we begin by setting forth our standard of review and the relevant legal principles. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Fernandez* v. *Commissioner of Correction*, 139 Conn. App. 173, 177–78, 55 A.3d 588 (2012).

Pursuant to § 52-466 (a) (1),[3] "[a] habeas court has subject matter jurisdiction to hear a petition for habeas corpus when the petitioner is in custody at the time that the habeas petition is filed." *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 191, 932 A.2d 467 (2007), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008). "[I]n order to satisfy the custody requirement of § 52-466, the petitioner [must] be in custody on the convic-

tion under attack at the time the habeas petition is filed
. . . . [C]ollateral consequences flowing from an
expired conviction do not render a petitioner in custody
under §52-466; rather, such a claim of confinement or
custody and any accompanying loss of liberty [stem]
solely from [a petitioner's] current conviction." (Citations omitted; emphasis omitted; internal quotation
marks omitted.) *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 698, 6 A.3d 52 (2010).

An exception exists, however, to the custody requirement. "A habeas petitioner who is serving consecutive
sentences may challenge a *future* sentence even though
he is not serving that sentence at the time his petition
is filed; see *Peyton* v. *Rowe*, [391 U.S. 54, 67, 88 S. Ct.
1549, 20 L. Ed. 2d 426 (1968)]; and he may challenge a
consecutive sentence served *prior* to his current conviction if success could advance his release date. *Garlotte* v. *Fordice*, supra, 515 U.S. 47. In other words, the
. . . courts view prior and future consecutive sentences as a continuous stream of custody for purposes of
the habeas court's subject matter jurisdiction." (Emphasis in original; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, supra, 274 Conn.
573. Our courts have not extended this exception to
concurrent sentences, which "do not create a continuous stream of custody because they do not, by their
nature, extend the term of incarceration." *Fernandez*
v. *Commissioner of Correction*, supra, 139 Conn.
App. 188.

With regard to a motion to dismiss, "[t]he standard
of review . . . is . . . well established. In ruling upon
whether a complaint survives a motion to dismiss, a
court must take the facts to be those alleged in the
complaint, including those facts necessarily implied
from the allegations, construing them in a manner most
favorable to the pleader. . . . A motion to dismiss
tests, inter alia, whether, on the face of the record,
the court is without jurisdiction. . . . The conclusions
reached by the [habeas] court in its decision to dismiss
the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions
of the court are challenged, we must determine whether
they are legally and logically correct . . . and whether
they find support in the facts that appear in the record."
(Citation omitted; internal quotation marks omitted.)
*Young* v. *Commissioner of Correction*, supra, 104 Conn.
App. 193.

In the present case, when the petitioner was sentenced to a term of two years imprisonment on the
Waterbury conviction, beginning on July 21, 2010,[4] the
trial court determined that the sentence would run concurrently with his eight years of incarceration and
reduced three and one-half years special parole on the
Ansonia conviction. Although the petitioner believed
that his special parole would begin in November, 2010,

it did not begin to run until he finished service on the Waterbury conviction, which terminated between July and September, 2012. Special parole was delayed until the petitioner completed the sentence on the Waterbury conviction because, pursuant to General Statutes § 54-125e (a), special parole begins "at the expiration of the maximum term or terms of imprisonment imposed by the court . . . ." See *State* v. *Boyd*, 272 Conn. 72, 78, 861 A.2d 1155 (2004) ("[t]he text of § 54-125e (a) demonstrates that the legislature clearly intended for the period of special parole to be distinct from the definite prison sentence, not included in it"); *Smith* v. *Lee*, Superior Court, judicial district of New Haven, Docket No. CV-09-5025939 (May 20, 2009), 2009 WL 1578513, *1 (petitioner was given concurrent sentences, but special parole was delayed because "[u]nder the statute creating and governing special parole, § 54-125e, special parole does not commence until the expiration of the maximum term of imprisonment," and, therefore, petitioner could not be released on original date for special parole when he received concurrent sentence).

The petitioner argues that, because his special parole did not begin to run until the expiration of the sentence on the Waterbury conviction, the sentences should be treated as one continuous stream of custody, and, therefore, the *Garlotte* custody exception should apply. The fact that parole in the concurrent Ansonia sentence was delayed, however, did not automatically convert the concurrent sentences into consecutive sentences and, thus, trigger the *Garlotte* custody exception.[5] Rather, the delay in special parole, which cannot be served while one is incarcerated, was merely a consequence of the sentence on the Waterbury conviction, which included incarceration, being imposed. See *State* v. *Andrews*, 53 Conn. App. 90, 95, 729 A.2d 232 (1999) (parole eligibility is collateral consequence of guilty plea), aff'd, 253 Conn. 497, 752 A.2d. 49 (2000). The collateral consequences of a completed sentence are not sufficient to render an individual in custody for the purpose of a habeas petition, even if the petitioner is suffering those consequences at the time that he filed his petition. *Ajadi* v. *Commissioner of Corrections*, 280 Conn. 514, 540, 911 A.2d 712 (2006); *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 530, 876 A.2d 2d 1178 (2005), overruled on other grounds by *State* v. *Elson*, 311 Conn. 726, 91 A.3d 862 (2014); see also *Fernandez* v. *Commissioner of Correction*, supra, 139 Conn. App. 188–89 (expired conviction's delaying parole eligibility on current sentence was collateral consequence and did not render petitioner in custody). Therefore, when the petitioner filed his petition for a writ of habeas corpus on January 3, 2013, the sentence on the Waterbury conviction was complete, and the petitioner was in custody only on the Ansonia conviction. In turn, his claim of confinement and loss of liberty as a result of the delay in special parole stemmed solely

from the Ansonia conviction. Accordingly, we conclude that the court logically and correctly concluded that the petitioner was not in custody for the Waterbury conviction, and it therefore lacked subject matter jurisdiction over his petition.

The petitioner also argues that he actually is challenging how the sentence on the Waterbury conviction affected the sentence on the Ansonia conviction and that he should have been allowed to amend his petition to include a challenge to the Ansonia sentence for which he was still in custody. Specifically, the petitioner argues that, instead of dismissing the petition outright, the habeas court should have taken every precaution to save the case. This court previously has determined that the trial court does not have an obligation to amend a pleading sua sponte. *Kosinski* v. *Carr*, 112 Conn. App. 203, 210, 962 A.2d 836 (2009) (holding that trial court did not abuse its discretion by failing, sua sponte, to order pleadings amended to conform to proof). In the present case, the petitioner did not file a request to amend the petition to include a challenge to the Ansonia sentence. As it is not the court's obligation to amend pleadings sua sponte, the habeas court was not required to save the petition from dismissal.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] At oral argument before this court, counsel for the petitioner conceded that the outcome of this appeal would not affect the petitioner, but argued that his claim fell under the mootness exception of capable of repetition, yet evading review. See *Dutkeiwicz* v. *Dutkeiwicz*, 289 Conn. 362, 366–67, 957 A.2d 821 (2008) ("[although] the existence of an actual controversy is an essential requisite to appellate jurisdiction . . . [t]he mootness doctrine does not preclude a court from addressing an issue that is capable of repetition, yet evading review" [internal quotation marks omitted]). Mootness, however, was not briefed, and, in his oral argument, counsel for the respondent indicated that the petitioner's claim is not moot because, should the petitioner prevail on appeal, he could argue the merits of the Waterbury conviction and potentially could have the conviction removed from his record.

[3] General Statutes § 52-466 (a) (1) provides in relevant part: "[a]n application for a writ of habeas corpus . . . shall be made to the superior court . . . for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty."

[4] Although sentenced on September 14, 2010, the defendant was credited with the time he served between his arrest on July 21, 2010, and his sentencing.

[5] In both his brief and at oral argument, the respondent argued that the petitioner did not meet the second prong of *Garlotte*, which requires that the petitioner show that the expired sentence had an appreciable effect on the current sentence. *Garlotte* v. *Fordice*, supra, 515 U.S. 47. The petitioner, however, failed to meet the first prong, requiring that the petitioner be serving consecutive sentences. Consequently, we need not address whether the Waterbury conviction had an appreciable effect on the Ansonia conviction.