**Michael Lee SAMMONS,
Petitioner-Appellant,**

v.

**G.H. RODGERS, Warden, F.C.I. Seagoville, U.S. Bureau of Prison and U.S. Board of Parole, Respondents-Appellees.**

**No. 85–1454.**

United States Court of Appeals,
Fifth Circuit.

April 4, 1986.

---

Michael Lee Sammons, pro se.

Marvin Collins, U.S. Atty., Jack Curtis Williamson, Asst. U.S. Atty., Dallas, Tex., for respondents-appellees.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

PER CURIAM:

Appellant, Michael Lee Sammons, has petitioned for rehearing of the Order of this Court dated November 18, 1985, which dismissed his appeal in his petition for habeas corpus. The motion for rehearing is GRANTED, the Court Order of November 18, 1985, is withdrawn, and the following decision is substituted.

Michael Lee Sammons, a prisoner under a federal conviction, petitioned the District Court in the Northern District of Texas for habeas corpus. His claim is that the federal parole board is using prior convictions in the State of Tennessee to rank him at a lower eligibility for parole than he would otherwise rank. He claims that the Tennessee convictions are unconstitutional because they violate the constitutional prohibition against double jeopardy. The district court denied his contentions and he

appealed. Appellant's application for leave to appeal in forma pauperis is GRANTED. The decision of the district court is set aside, and the case is returned to the district court for further proceedings in accordance with this opinion.

The district court denied habeas corpus on the ground that the Court in the Northern District of Texas had no jurisdiction to respond to an attack upon the Tennessee state conviction on double jeopardy grounds. The district court also found that the alleged impact of the Tennessee convictions on the federal parole board was speculative and uncertain because there was no showing that any effect had resulted from giving credence to the Tennessee convictions. We discuss each of these issues in turn.

■ On the matter of jurisdiction, appellant was convicted of kidnapping and burglary. Appellant raised his double jeopardy claims by way of appeal and by request for extraordinary relief in the Tennessee courts. Relief was denied. He was sentenced to a term of five to fifteen years and the sentence was suspended. Nothing in the record indicates that the suspended sentence in this case does not carry with it possible revocation of suspension or other adverse action. Because the suspended sentence apparently has not expired, the federal district court in Tennessee would have jurisdiction to evaluate the constitutionality of the convictions and sentence. *Braden v. Thirtieth Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). A suspended sentence which has not yet run does establish jurisdiction in the federal court of the state where the sentence continues to exist. 17 Wright, Miller, Cooper, FEDERAL PRACTICE & PROCEDURE, § 4262, p. 612, citing *United States ex rel Wojtycha v. Hopkins,* 517 F.2d 420 (3rd Cir.1975). Appellant concedes that he could bring habeas corpus in the federal district court in Tennessee to test the validity of the Tennessee convictions.

■ Appellant's claim before us, however, is based upon the habeas corpus jurisdictional statutory provision, 28 U.S.C. § 2241, by way of his assertion that the unconstitutional Tennessee convictions are being used by the federal parole authorities to lessen his chances for parole in connection with the federal offense. We must reverse the district court because it is clear that jurisdiction in the district court where he is currently in federal custody does lie. Indeed, if his sentence had been completely served in Tennessee, the District Court of the Northern District of Texas would be the only court which would have jurisdiction to determine the constitutional validity of the Tennessee convictions. *Craig v. Beto,* 458 F.2d 1131 (5th Cir.1972); *Marks v. Rees,* 715 F.2d 372 (7th Cir.1983). It is the allegation that the unconstitutional Tennessee convictions are being used to lessen his chances for parole in his current incarceration that gives jurisdiction to the Northern District of Texas, *Craig,* 458 F.2d 1134. In that opinion we recognized "the practical problems" in producing in one state records and witnesses of events that occurred in another state some time ago. But this difficulty does not go to the jurisdiction. The *Marks* case also recognized the same difficulty but upheld jurisdiction at the location of the current confinement, 715 F.2d at 374.

Of course, the *Braden* case recognizes the ultimate authority of the district court to transfer the case to a more convenient forum under 28 U.S.C. § 1404(a), 93 S.Ct. at 1131 n. 15. At this undeveloped state of the record, we do not presume to indicate that the requirements of that statutory provision can be demonstrated as having been met when the district court undertakes to go into the issue on the merits of whether the Tennessee convictions are unconstitutional as in violation of the prohibition against double jeopardy.

■ On the second issue, appellant now asserts that he has been denied parole and that in evaluating his application for parole, his Tennessee convictions were considered in his rating of eligibility for parole. If his assertion is true, the impact of the Tennessee convictions upon his applica-

tions for parole may be more than speculative.

We, therefore, reverse the district court and remand for disposal of appellant's claims on the merits unless the court determines it is not a convenient forum for the disposition of the case on the merits and transfers it to another federal district court.

Appellant's motions to expedite appeal and for bail pending appeal are dismissed as moot.

REVERSED AND REMANDED for further action in accordance with this opinion.